1
2
3
4
5
6
7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LIONEL DORIA,                              No.  2:20-CV-0308-JAM-DMC-P

12                  Petitioner,

13         v.                                   FINDINGS AND RECOMMENDATIONS

14   SCOTT FRAUNHEIM,

15                  Respondent.

16

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court are Petitioner's petition

19   for a writ of habeas corpus (ECF No. 1), Respondent's motion to dismiss (ECF No. 11),

20   Petitioner's opposition to the motion to dismiss (ECF No. 13), Respondent's reply to the

21   opposition (ECF No. 14), and Petitioner's response to the reply (ECF No. 15).

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

                                                  1

# I. BACKGROUND

The state appellate court recited the following information related to Petitioner's conviction and sentencing:

> A jury found defendant Lionel Doria (Doria) guilty of the first degree murder of James Tobey Hiter (Hiter) in violation of Penal Code section 187, subdivision (a) (statutory section references that follow are to the Penal Code unless otherwise states), found true special allegations that Doria personally and intentionally discharged a firearm proximately causing the death of Hiter within the meaning of section 12022.53, subdivision (d), and that the murder was committed while in the commission of an attempted robbery within the meaning of 190.2 subdivision (a)(17).
>
> The jury also found Doria guilty of the attempted robbery of Hiter as defined in sections 664/211 and found true the special allegation that Doria personally and intentionally discharged a firearm causing the death of Hiter as defined by section 12022.53 subdivision (d). Finally, the jury found Doria guilty of being a felon in possession of a firearm as defined in section 29800, subdivision (a)(1).
>
> The court sentenced Doria to life without the possibility of parole on the special circumstance murder conviction with a consecutive term of 25 to life for personal discharge of a firearm. It stayed the sentence of eight months for felon in possession of a firearm. It stayed the sentences for attempted robbery and the accompanying 25 year to life term under 654.

ECF 12, Lod. Doc. 2, pgs. 1-2.

Petitioner appealed his conviction, filing his opening brief on November 20, 2014. See ECF 1, pg. 27. On June 13, 2018, the appellate court remanded the conviction to the trial court to allow a chance to exercise its discretion to strike the sentence enhancement in accordance with a change in law for California Penal Code § 12022.53 (d). See ECF 12, Lod. Doc. 2, pgs. 19-20, 27. The appellate court affirmed all other judgments in the case as they related to Doria. See id. at 27. Petitioner filed a petition for review in the California Supreme Court, on July 16, 2018. See ECF 12, Lod. Doc. 3, pg. 1. The petition for review was denied on September 19, 2018. See ECF 12, Lod. Doc. 4, pg. 1. On September 20, 2018, Petitioner's appellate attorney sent him a letter, informing him that his petition for review to the California Supreme Court had been denied, and that he was able to raise two issues in a federal habeas petition. See ECF 13, pg. 9. That letter told Petitioner that there was an eighteen-month statute of limitations, that the statute of limitations would begin running when Petitioner was resentenced by the state trial court, and cited to a case, Smith v. Williams, 871 F.3d 684 (9th Cir. 2017). See ECF 13, pg. 9.

1   On October 12, 2018, the trial court declined to strike the sentencing enhancement.  See ECF No.

2   11, pg. 2.  There is no indication that Petitioner has undertaken any further appeals in the state

3   court after his resentencing.

4          Petitioner did not file any state post-conviction challenges relating to conviction

5   and sentence, before or after his resentencing.  See ECF 1, pgs. 18, 20.  Petitioner submitted his

6   federal habeas petition on January 29, 2020.  See id. at 25.

7

8                              **II.  DISCUSSION**

9          Respondent has brought a motion to dismiss Petitioner's habeas petition as being

10   time barred by the statute of limitations.  Petitioner provides two arguments for why his claim

11   should not be time barred: (1) that the statute of limitations should not have begun until the trial

12   court's decision to decline to strike his sentencing enhancement on October 12, 2018; and (2) that

13   he should be entitled to equitable tolling.  Petitioner's claims are time barred as the petition was

14   filed outside the statute of limitations and the circumstances do not provide grounds for equitable

15   tolling.

16          **A.      Statute of Limitations**

17          Federal habeas corpus petitions must be filed within one year from the later of: (1)

18   the date the state court judgment became final; (2) the date on which an impediment to filing

19   created by state action is removed; (3) the date on which a constitutional right is newly-

20   recognized and made retroactive on collateral review; or (4) the date on which the factual

21   predicate of the claim could have been discovered through the exercise of due diligence.  See 28

22   U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

23   judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

24   review.  See 28 U.S.C. § 2244(d)(1).

25          Where a petition for review by the California Supreme Court is filed and no

26   petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

27   begins running the day after expiration of the 90-day time within which to seek review by the

28   United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

1   Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year

2   limitations period begins to run the day after certiorari is denied or the Court issued a merits

3   decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for

4   review by the California Supreme Court is filed, the conviction becomes final 40 days following

5   the Court of Appeal's decision, and the limitations period begins running the following day.  See

6   Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the

7   conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the

8   limitations period begins running the following day.  See Cal. Rule of Court 8.308(a).

9          Petitioner's appeal to the California Supreme Court was denied September

10   19, 2018.  The state trial court declined to strike Petitioner's sentencing enhancement on

11   October 12, 2018.  Petitioner did not file any appeal of the state trial court's decision and

12   did not file for any state post-conviction relief.  Because Petitioner did not file a direct

13   appeal following resentencing, the state trial court's decision was final sixty days after

14   resentencing, or on December 11, 2018, and the one-year limitation period began to run the

15   following day, December 12, 2018.  See Cal. Rule of Court 8.308(a).  As Petitioner did not

16   file for post-conviction relief from the state, the statute of limitations was not tolled and the

17   last day to file a timely federal habeas petition was December 12, 2019.  Petitioner did not

18   submit his petition until January 29, 2020.  Thus, absent equitable tolling, Petitioner's

19   federal petition is time barred.

20          **B.     Equitable Tolling**

21          The statute of limitations under AEDPA is subject to equitable tolling in

22   appropriate cases.  See Holland v. Florida, 560 U.S. 631, 645 (2010); see also Calderon v.

23   United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on

24   other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998)

25   (en banc).  To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he

26   has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him

27   from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

28   / / /

4

In <u>Pace</u>, the Supreme Court held that equitable tolling was not applicable because "petitioner's lack of diligence precludes equity's operation."  544 U.S. at 419.  In <u>Beeler</u>, the district court granted equitable tolling and the respondent sought a writ of mandamus to reverse the district court's order.  <u>See</u> 128 F.3d at 1288.  In denying the respondent's mandamus petition, the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition.  The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control. There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations.

<u>Id.</u> at 1289.

In addition, the egregious misconduct of counsel may warrant equitable tolling.  <u>See</u> <u>Spitsyn v. Moore</u>, 345 F.3d 796 (9th Cir. 2003).  The Ninth Circuit has concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of counsel.  <u>See</u> <u>Frye v. Hickman</u>, 273 F.3d 1144 (9th Cir. 2001).

Petitioner argues that his claim should be subject to equitable tolling, due to the letter he received from his appellate attorney.  <u>See</u> ECF No. 15, pg. 1.  Petitioner contends that because the letter misstated the statute of limitations period as being eighteen months, he should receive equitable tolling.  <u>See</u> <u>id.</u>  The Court disagrees because Petitioner has not shown that he has been diligent in pursuing his rights, nor has he shown that extraordinary circumstances prevented him from filing in a timely manner.

Petitioner has not shown that there was anything preventing him from discovering that the statute of limitations for filing a federal habeas petition is one year and not eighteen months.  Petitioner does contend his facility was on lock down three times in 2019, once for a period of nine days, once for a period of two days, and once for a period of twelve days.  <u>See</u> ECF No. 15, pgs. 1-2.  However, Petitioner does not contend nor establish that he was unable to access the law library outside of those periods.  Petitioner has not

1   shown any evidence or examples of his attempts to diligently pursue his rights in this case.

2          Even if Petitioner were able to show that he had been otherwise diligent in

3   preparing his petition, the single letter that petitioner received from his appellate attorney

4   that misstated the statute of limitations would not give rise to the extraordinary

5   circumstances that call for equitable tolling.  The Ninth Circuit has determined that ordinary

6   negligence of an attorney does not give rise to the extraordinary circumstances preventing

7   filing that would permit equitable tolling.  Frye, 273 F.3d 1144.

8

9                          **III.  CONCLUSION**

10         Based on the foregoing, the undersigned recommends that Respondent's motion to

11  dismiss (ECF No. 11) be granted.

12         These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court.  Responses to objections shall be filed within 14 days after service of

16  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

17  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19  Dated:  October 30, 2020

20                                          _____
                                            DENNIS M. COTA
21                                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28